IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUNIOR L. REEVES,

  Petitioner,

v.                                             Civil Action No.:  CCB-21-1866

WARDEN,

  Respondent.

**MEMORANDUM**

Petitioner Junior Lee Reeves filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 along with a supplement.[1]  ECF Nos. 1, 2.  Additionally, Reeves filed a Motion to Compel on August 24, 2021.  ECF No. 3.  Reeves did not pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis.[2]  However, as the Petition must be dismissed without prejudice, Reeves will not be required to correct this deficiency.

Reeves is a pretrial detainee, currently detained at Clifford T. Perkins Hospital Center.  ECF No. 1 at 1.  Reeves is charged with various assault and firearm offenses in the Circuit Court for Baltimore County.  *See State of Maryland v. Reeves*, C-03-CR-21-621, Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/ (last visited September 24, 2021).  He was found incompetent to stand trial on April 9, 2021.  *Id.*  Reeves previously filed two other petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in Civil Action Nos. GJH-21-1239 and GJH-21-1509.  On June 30, 2019, the two cases were consolidated and dismissed without

---

[1] Several documents appear on the docket labeled as Supplementals to the Petition, ECF Nos. 4-7.  These are not new filings by Reeves, but rather are additional and corrected pages from Reeves' attachments to his Petition, originally docketed at ECF Nos. 1-1 and 1-2.

[2] Reeves attaches a "Patient Funds Withdrawal Slip" indicating that he withdrew the $5.00 filing fee to be submitted to the Court. ECF No. 1-1 at 18.  However, to date, no payment has been received.

prejudice finding that Reeves was not entitled to pretrial federal habeas relief. Thereafter, Reeves filed the instant Petition.

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention;

rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted).

Reeves asserts the following grounds in support of his Petition: (1) the trial court has not permitted discovery in his criminal case between December 2020 and April 2021 in violation of state law; (2) no grand jury was convened in his criminal case nor did he receive a true bill of indictment; (3) his due process rights were violated when he was denied access to the Baltimore County Detention Center ("BCDC") law library and BCDC staff interfered with his mail and forged his signature; and (4) his request for bail was never reviewed because his bail hearing was instead a competency hearing.[3]  ECF No. 1 at 6-7.  Additionally, Reeves asserts that the state court did not have "a duty sua sponte" to hold a competency hearing.  ECF No. 2.

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for writ of habeas corpus in a state circuit court located in the county where he resides or where the facility is located.  *See* Md. Code Ann., Health Gen. § 10-804, *see also* Md. Code Ann., Cts & Jud. Proc.§ 3-704.  Maryland law allows a criminal defendant to appeal an incompetency determination.  *See Jolley v. State*, 384 A.2d 91, 94 (Md. 1978).

Reeves may litigate these claims of illegal confinement in a state forum without harm to his constitutional rights.  The state circuit court docket reflects that Reeves filed a petition for writ of habeas corpus on April 9, 2021, the same day he was found incompetent to stand trial.  *See State of Maryland v. Reeves*, C-03-CR-21-621, Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/ (last visited September 24, 2021).  There is no indication that the circuit court has ruled on Reeves' petition.  As such, Reeves has not exhausted

---

[3] To the extent Reeves alleges any civil rights violations, they are not appropriately considered in a § 2241 petition. Reeves may file a civil rights action to the extent he seeks to pursue such a claim.

his state court remedies nor has Reeves presented special circumstances justifying the court's intervention. Consequently, this habeas petition shall be dismissed without prejudice and Reeves' Motion to Compel denied.

    A separate Order follows.

\_\_9/27/21\_\_                                           _____/S/_____
Date                                                                        Catherine C. Blake
                                                                            United States District Judge